# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VICKIE WALLACE,

      Plaintiff,

v.                                                                  Case No. 15-11839

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Vickie Wallace appeals from Defendant Commissioner of Social Security's denial of her application for disability income benefits. Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") (Dkt. # 15) advising the court to deny Plaintiff's motion for summary judgment (Dkt. # 13) and grant Defendant's motion for summary judgment (Dkt. # 14). Plaintiff timely filed Objections to the R&R (Dkt. # 16), to which Defendant responded (Dkt. # 17). After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections and adopt the R&R.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal

standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42

U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's

claim, "the decision of the ALJ becomes the final decision of the [Commissioner]."

*Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the

ALJ. "Substantial evidence is more than a scintilla of evidence but less than a

preponderance and is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of

Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence

could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court

bases its review on the entire administrative record, not just what the ALJ cited. *Heston

v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by

substantial evidence, however, a decision of the Commissioner will not be upheld where

the [Social Security Administration] fails to follow its own regulations and where that

error prejudices a claimant on the merits or deprives the claimant of a substantial right."

*Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v.

Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection One

Plaintiff argues that the ALJ "disregarded Plaintiff's treating doctors out of hand,"

and that Magistrate Judge Patti was wrong to conclude that the ALJ's consideration was

sufficient. An ALJ is required to give good reasons for affording a treating-source

opinion anything less than controlling weight. *Francis v. Comm'r Soc. Sec. Admin.*, 414

F. App'x 802, 804 (2011). Contrary to Plaintiff's claim, the ALJ did not disregard the

opinions out of hand. As to Dr. Lee-Billing, the ALJ and Magistrate Judge Patti detailed

how her opinion was inconsistent with the record as a whole and accordingly entitled to

less weight. (*See* R&R 19.) And though the ALJ did not expressly assign a specific

weight to Dr. Elsken's opinion, it is not clear that his assessments and the records from

his treatment of Plaintiff constitute "medical opinions" as defined by the regulations. 20

C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) ("Medical opinions are statements from

physicians and psychologists or other acceptable medical sources that reflect

judgments about the nature and severity of your impairment(s), including your

symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and

your physical or mental restrictions.") Dr. Elsken's records do not offer an opinion on

Plaintiff's ability to function. Moreover, the ALJ did in fact consider the records and used

them in concluding that Plaintiff could perform light work. (*See* R&R 23-24.) Plaintiff's

first objection is overruled.

## B. Objections Two and Three

Plaintiff's Objections Two and Three are simply Parts 3 and 4 of the Argument

section from her Motion for Summary Judgment (Dkt. # 13, Pg. ID 471-75) copied,

pasted, and rebranded as objections to the R&R. The court can interpret this as nothing

other than a general objection to the Magistrate Judge's recommendations with no

mention of or attempt to develop specific reasons for why Magistrate Judge Patti erred

in his suggested findings. "[B]are disagreement with the conclusions reached by the

Magistrate Judge, without any effort to identify any specific errors in the Magistrate

Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016). Because Plaintiff raises no specific objections to Magistrate Judge Patti's R&R but merely repeats her brief word for word, Plaintiff has waived any matter therein that might otherwise be cast as an objection.[1] *See Janney v. Comm'r of Soc. Sec.*, No. 3:13CV399, 2014 WL 1117826, at *1 (N.D. Ohio March 19, 2014).

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections (Dkt. # 16) are OVERRULED and the Magistrate Judge's report and recommendation (Dkt. # 15) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 13) is DENIED and Defendant's Motion for Summary Judgment (Dkt. # 14) is GRANTED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2016

---

[1] The same can be said for Objection One, though the shortcut taken by Plaintiff's counsel as to Objections Two and Three is even more obvious.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2016, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522